## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARC D. MILLER, individually and on behalf of all others similarly situated, : | **COLLECTIVE ACTION COMPLAINT** |
| Plaintiff, : | **JURY TRIAL DEMANDED** |
| v. : | Case No: |
| PITA WAY AUBURN, INC.; PITA WAY : | Hon. |

MARC D. MILLER, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

PITA WAY AUBURN, INC.; PITA WAY
BAY CITY, LLC; PITA WAY BELTLINE,
LLC; PITA WAY BERKLEY, LLC; PITA
WAY BIRCH RUN, LLC; PITA WAY
BLOOMFIELD, LLC; PITA WAY
CHESTERFIELD, LLC; PITA WAY
COLUMBIA AVE, LLC; PITA WAY
COMMERCE, INC.; PITA WAY
COMMISSARY, LLC; PITA WAY
DAVISON, INC.; PITA WAY DEWITT,
LLC; PITA WAY EAST LANSING, LLC;
PITA WAY FENTON, INC.; PITA WAY
FORT GRATIOT, LLC; PITA WAY FORT
WAYNE, LLC; PITA WAY GRAND
BLANC, INC.; PITA WAY GRAND
RAPIDS, LLC; PITA WAY GREEN OAK,
INC.; PITA WAY HOWELL, LLC; PITA
WAY, INC.; PITA WAY LAKE ORION,
INC.; PITA WAY LANSING, LLC; PITA
WAY LAPEER LLC; PITA WAY
LIVONIA 8 MILE, LLC; PITA WAY
LIVONIA, INC.; PITA WAY MACOMB,
LLC; PITA WAY MANAGEMENT
GROUP, LLC; PITA WAY MILFORD,
LLC; PITA WAY MOUND RD, LLC;
PITA WAY MT. PLEASANT, LLC; PITA
WAY NEW HUDSON, INC.; PITA WAY
OWOSSO, LLC; PITA WAY
PLYMOUTH, LLC; PITA WAY

1

PORTAGE, LLC; PITA WAY
ROCHESTER, LLC; PITA WAY ROCKY
RIVER, LLC; PITA WAY SOUTH LYON,
LLC; PITA WAY THOMPSON ANN
ARBOR, LLC; PITA WAY TROY, INC.;
PITA WAY WALKER, LLC; PITA WAY
WARREN, INC.; PITA WAY
WESTNEDGE, LLC; PITA WAY WEST
OAKS, LLC; PITA WAY WHITE LAKE,
INC.; PITA WAY WOODHAVEN, LLC;
PITA WAY WYOMING, LLC; PITA
WAY ZEEB RD, LLC, d/b/a Pita Way,
jointly and severally,

Defendants.

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff, Marc D. Miller ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorneys, hereby brings this Collective Action against Defendants Pita Way Auburn, Inc., Pita Way Bay City, LLC, Pita Way Beltline, LLC, Pita Way Berkley, LLC, Pita Way Birch Run, LLC, Pita Way Bloomfield, LLC, Pita Way Chesterfield, LLC, Pita Way Columbia Ave, LLC, Pita Way Commerce, Inc., Pita Way Commissary, LLC, Pita Way Davison, Inc., Pita Way Dewitt, LLC, Pita Way East Lansing, LLC, Pita Way Fenton, Inc., Pita Way Fort Gratiot, LLC, Pita Way Fort Wayne, LLC, Pita Way Grand Blanc, Inc., Pita Way Grand Rapids, LLC, Pita Way Green Oak, Inc., Pita Way Howell, LLC, Pita Way, Inc., Pita Way Lake Orion Inc., Pita Way Lansing, LLC, Pita Way Lapeer LLC, Pita Way Livonia 8 Mile, LLC, Pita Way Livonia, Inc., Pita Way

Macomb, LLC, Pita Way Management Group, LLC, Pita Way Milford, LLC, Pita Way Mound Rd, LLC, Pita Way Mt. Pleasant, LLC, Pita Way New Hudson, Inc., Pita Way Owosso, LLC, Pita Way Plymouth, LLC, Pita Way Portage, LLC, Pita Way Rochester, LLC, Pita Way Rocky River, LLC, Pita Way South Lyon, LLC, Pita Way Thompson Ann Arbor, LLC, Pita Way Troy, Inc., Pita Way Walker, LLC, Pita Way Warren, Inc., Pita Way Westnedge, LLC, Pita Way West Oaks, LLC, Pita Way White Lake, Inc., Pita Way Woodhaven, LLC, Pita Way Wyoming, LLC, Pita Way Zeeb Rd, LLC  (hereinafter "Defendants" or "Pita Way") to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq.* Plaintiff's allegations herein are based upon knowledge as to matters relating to himself and upon information and belief as to all other matters.

## **INTRODUCTION**

1.     This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff Marc D. Miller ("Plaintiff"), individually and on behalf of all similarly situated persons employed by Defendants, arising from Defendants' systematic failure to include all remuneration in their overtime computations in willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2.    Defendants jointly own and operate a chain of Pita Way Mediterranean Grill restaurant locations.[1]

3.    Pita Way, founded by Brandon Bahoura, first opened in Clarkston, MI in 2010. *Id.*

4.    There are 40 locations open and the chain continues to grow. *Id.*

5.    The chain prides itself on providing "gracious hospitality alongside a delectable meal," in furtherance of its mission "to serve up fresh, flavorful Mediterranean food and provide friendly, fast service while making every customer [its] welcomed guest." *Id.*

6.    In providing its food and hospitality services, Defendants employ hourly non-exempt employees within or out of each of their following business locations[2]:

    a.  Ann Arbor – Jackson: 5609 Jackson Rd., Ste. 101, Ann Arbor, MI 48103

    b.  Ann Arbor – William: 500 E. William St., Ann Arbor, MI 48104

    c.  Berkley: 2485 Coolidge Highway, Suite A, Berkley, MI 48072

    d.  Bloomfield Hills: 3945 Telegraph Road, Bloomfield Hills, MI 48302

    e.  Brighton: 9290 Lee Rd. #103, Brighton, MI 48116

    f.  Clarkston: 6315 Sashabaw Rd., Clarkston, MI 48346

---

[1] https://pitaway.com/about/ (last visited Nov. 1, 2024).
[2] https://pitaway.com/our-locations/ ; https://onlineorders.pitaway.com/ (last visited Nov. 1, 2024).

g.  Commerce Township: 8400 Richardson Road, Commerce Charter Twp., MI 48390

h.  Davison: 1214 S. Irish Rd., Davison, MI 48423

i.  Dewitt: 13070 Old U.S. 27, DeWitt, MI 48820

j.  East Lansing: 918 E. Grand River Ave., Unit A, East Lansing, MI 48823

k.  Fenton: 15274 Silver Pkwy., Fenton, MI 48430

l.  Fort Gratiot: 4165 24th Ave., Ste. B, Fort Gratiot Twp., MI 48059

m. Fort Wayne: 4210 W. Jefferson Blvd., Ste. B11, Fort Wayne, IN 46804

n.  Grand Blanc: 6331 S. Saginaw St., Grand Blanc, MI 48439

o.  Grand Rapids – 28th Street: 3270 28th Street SE, Grand Rapids, MI 49512

p.  Grand Rapids – Beltline: 2044 E. Beltline Ave. NE, Grand Rapids, MI 49525

q.  Howell: 114 West Highland Road, Howell, MI 48855

r.  Lake Orion: 193 N. Park Rd., Lake Orion, MI 48362

s.  Lapeer: 1111 Summit Drive, Lapeer, MI 48446

t.  Livonia – 8 Mile: 33485 West 8 Mile Road, Livonia, MI 48152

u.  Livonia – Plymouth Rd: 33310 Plymouth Rd., Livonia, MI 48150

v.  Macomb: 20755 Hall Rd., Macomb, MI 48044

w. Milford: 131 South Milford Road, Milford Charter Township, MI 48381

   x.  Mt Pleasant: 2320 S. Mission St., Mt. Pleasant, MI 48858

   y.  New Hudson: 30428 Milford Rd., New Hudson, MI 48165

   z.  Novi – West Oaks Dr: 43432 West Oaks Drive, Novi, MI 48377

  aa. Owosso: 1201 E.  Main St., Ste. B, Owosso, MI 48867

  bb. Plymouth: 41512 Ann Arbor Rd., Plymouth, MI 48170

  cc. Portage: 6403 South Westnedge Avenue, Portage, MI 49002

  dd. Rochester: 1418 North Rochester Road, Rochester Hills, MI 48307

  ee. Rocky River: 19815 Center Ridge Rd., Rocky River, OH 44116

  ff. Troy: 285 E. Big Bever Rd., Troy, MI 48083

  gg. Warren – Mound Rd: 31161 Mound Rd., Warren, MI 48092

  hh. White Lake: 10531 Highland Rd., Ste. 4, White Lake, MI 48386

  ii.  Woodhaven: 20330 West Rd., Woodhaven, MI 48183

  jj.  Wyoming: 2355 Health Dr., Ste. 130, Wyoming, MI 49519

7.    On information and belief, Defendants presently own and operate at least 48 Michigan business entities which collectively provide services under the Pita Way brand:

   a.  Pita Way Auburn, Inc., resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

   b.  Pita Way Bay City, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

   c.  Pita Way Beltline, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

d. Pita Way Berkley, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

e. Pita Way Birch Run, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

f. Pita Way Bloomfield, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

g. Pita Way Chesterfield, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

h. Pita Way Columbia Ave, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

i. Pita Way Commerce, Inc., resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

j. Pita Way Commissary, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

k. Pita Way Davison, Inc., resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

l. Pita Way Dewitt, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

m. Pita Way East Lansing, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

n. Pita Way Fenton, Inc., resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

o. Pita Way Fort Gratiot, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

p. Pita Way Fort Wayne, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

q. Pita Way Grand Blanc, Inc., resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

r.  Pita Way Grand Rapids, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

s.  Pita Way Greek Oak, Inc., resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

t.  Pita Way Howell, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

u.  Pita Way, Inc., resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

v.  Pita Way Lake Orion, Inc., resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

w.  Pita Way Lansing, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

x.  Pita Way Lapeer LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

y.  Pita Way Livonia 8 Mile, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

z.  Pita Way Livonia, Inc., resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

aa. Pita Way Macomb, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

bb. Pita Way Management Group, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

cc. Pita Way Milford, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

dd. Pita Way Mound Rd, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

ee. Pita Way Mt. Pleasant, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

ff. Pita Way New Hudson, Inc., resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

gg. Pita Way Owosso, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

hh. Pita Way Plymouth, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

ii. Pita Way Portage, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

jj. Pita Way Rochester, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

kk. Pita Way Rocky River, LLC, resident agent Brandon Bahoura, located at 255 S. Old Woodward, Suite 310, Birmingham, MI 48009.

ll. Pita Way South Lyon, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

mm. Pita Way Thompson Ann Arbor, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

nn. Pita Way Troy, Inc., resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

oo. Pita Way Walker, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

pp. Pita Way Warren, Inc., resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

qq. Pita Way Westnedge, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

rr. Pita Way West Oaks, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

ss. Pita Way White Lake, Inc., resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

  tt. Pita Way Woodhaven, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

  uu.Pita Way Wyoming, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

  vv.Pita Way Zeeb Rd, LLC, resident agent Brandon Bahoura, located at 6315 Sashabaw Road, Ste. F, Clarkston, MI 48346.

8. Defendants collectively own and operate the above business entities and do business as one enterprise: Pita Way.

9. Plaintiff and the putative collective members consist of current and former hourly employees of Defendants at one or more of the above referenced locations and/or entities. Throughout the relevant period, Defendants maintained a corporate policy and practice of willfully refusing to pay Plaintiff and all similarly situated employees the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

10. In particular, Defendants failed to include bonuses and other non-discretionary types of pay into the regular rate of pay for Plaintiff and all others similarly situated when calculating their overtime rates.

11. As a result of Defendants' willful failure to compensate Plaintiff and all similarly situated employees at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.* including 29 U.S.C. §§ 207(a)(1), 215 (a), and 29 C.F.R. §§ 778.104. Defendants' conduct as

alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

12.    Plaintiff and all similarly situated employees are entitled to back pay, liquidated (double) damages, plus reasonable attorney's fees, costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

14.    Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

15.    Defendants' annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis.

16.    Venue lies in this District pursuant to 28 U.S.C. § 1391 because Pita Way advertises its headquarters location as Clarkston, Michigan, and the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## PARTIES

17.     Plaintiff is an adult resident of Flint, in Genesee County, Michigan and was employed by Defendant Pita Way Grand Blanc, from July 2021 to July 2024. Plaintiff's consent to joint form is attached as ***Exhibit A***.

18.     Additional putative Collective members were or are employed by Defendants as hourly employees during the past three years and their consent forms will also be filed in this case.

19.     Defendants are domestic limited liability companies authorized to do business pursuant to the laws of the State of Michigan.

20.     Defendants' resident agents and registered offices, to the extent the information is publicly available, are listed above in paragraph 7.

21.     At all times relevant to this Complaint, Defendants were a common enterprise and joint "employers" of Plaintiff and similarly situated individuals as defined by the FLSA, 29 U.S.C. § 203(d) and 29 C.F.R. 791.2(a).

## FACTUAL ALLEGATIONS

22.     Plaintiff worked for Pita Way as a non-exempt, hourly employee from July 2021 to July 2024.

23.     Plaintiff mainly worked out of Defendants' Grand Blanc location at 6331 S. Saginaw St., Grand Blanc, MI 48439, though he also worked out of other store locations.

24.    Plaintiff's most recent base hourly rate of pay was $17.00.

25.    In addition to the base rate of pay, Defendants regularly incorporated various types of non-discretionary pay into its payment structure. For example, Defendants promised to pay their hourly employees non-discretionary bonuses.

26.    As non-exempt employees, Defendant's hourly employees are entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

## The Regular Rate of Pay

27.    Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945).  It is "the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed." 29 C.F.R. §778.108.

28.    No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated.  29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

29.     There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Defendants carry the burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo.*, 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to Defendant's hourly employees for work performed are included in the base calculation unless specifically excluded by statute.

30.     Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

31.     Plaintiff's "total remuneration" included not only his base hourly pay, but also any non-discretionary bonuses. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate…."; *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including

non-discretionary bonuses).

32.     Defendant's bonuses do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

33.     Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

34.     Plaintiff and those similarly situated have regularly worked in excess of 40 hours a week and have been paid some overtime for those hours but at a rate that does not include Defendant's non-discretionary bonuses as required by the FLSA.

35.     For example, Plaintiff's 04/10/2024 paystub shows 48.79 hours of work (comprised of 40 hours at a $17.00 base rate, and 8.79 hours at a $25.50 overtime base rate) and gross earnings of $1,095.15, inclusive of a $50.00 non-discretionary bonus. However, his overtime rate does not account for the bonus and, therefore, violates the FLSA.

36.     To the extent that any of Defendant's premium compensation paid to Plaintiff, and those similarly situated, could be qualified and applied as a credit under 29 U.S.C. §§ 207(7)(h), those credits may only be applied to the same workweek or work period in which the premiums were paid. *Herman v. Fabri-Centers of Am., Inc.*, 308 F. 3d 580, 590-92 (6th Cir. 2002).

37.     In a Department of Labor Opinion Letter dated December 23, 1985, the Deputy Administrator stated: "We wish to point out that the surplus overtime premium payments, which may be credited against overtime pay pursuant to section 7(h) of [the] FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Opinion Letter Fair Labor Standards Act* (FLSA), 1985 WL 304329 at 3 (1985).

38.     As a result of these *prima facie* FLSA violations, Pita Way is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

39.     Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of:

*All of Defendant's current and former hourly employees who worked for Defendants at any time during the three years preceding the filing of this Complaint.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

40.     Excluded from the proposed FLSA collective are Defendants' executives and any outside sales persons.

41.     Plaintiff and putative Collective Members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such

16

individuals were eligible for and did receive non-discretionary pay, including bonuses, but such pay was not calculated as part of their regular rate as required by the FLSA.

42.    Upon information and belief, Defendants utilized centralized payroll systems which calculated overtime pay for all similarly situated employees in the same or similar manner.

43.    Resolution of this action requires inquiry into common facts.

44.    These similarly situated individuals are known to the Defendants, are readily identifiable, and can be located through Defendants' payroll records, which Defendants are required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

45.    Court-authorized notice to Defendants' hourly employees is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means—including email and text message—and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

46.    Upon information and belief, there are hundreds of similarly situated current and former employees of Defendants who were not paid their required wages

and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

## **VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* -- FAILURE TO PAY OVERTIME**

47.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

48.     Defendants are employers within the meaning of 29 U.S.C. § 203(d).

49.     Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

50.     The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendants' bonuses do not fall into any of those exceptions.

51.     Defendants failed to include non-discretionary pay, including bonuses into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendants' hourly employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

52.     At all relevant times, Defendants had policies and practices of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per

workweek, in violation of the FLSA.

53.     As a result of Defendants' willful failure to compensate Plaintiff and the putative collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54.     Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their back pay. As a result of Defendants' FLSA violations, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records Defendants are statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

55.     Plaintiff and all others similarly situated are entitled to back pay, liquidated damages, interest, attorney's fees and costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, requests the following relief:

a. Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendants to provide Plaintiff lists of all current and former hourly employees who worked for Defendants at any time in the past three years. This list shall include the last known addresses, emails, and telephone number of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate;

b. An Order designating Plaintiff as representative of the FLSA Collective; and undersigned counsel as counsel for the same;

c. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

e. A monetary judgment awarding full back pay and an equal amount in liquidated damages;

f. An award of pre-judgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of a service payment to the named Plaintiff; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, and all others similarly situated, hereby demand trial by jury on all issues in this Complaint that are so triable as a matter of right.

Date: November 7, 2024                   Respectfully submitted,

*/s/ Kevin J. Stoops*
Kevin J. Stoops (P64371)
Paulina R. Kennedy (P84790)
**SOMMERS SCHWARTZ, P.C.**
One Town Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
kstoops@sommerspc.com
pkennedy@sommerspc.com

Jonathan Melmed (CA SBN 290218)
Laura Supanich (P85849)
**MELMED LAW GROUP, P.C.**
1801 Century Park East, Suite 850
Los Angeles, CA 90067
(310) 824-3828
jm@melmedlaw.com
lms@melmedlaw.com

*Attorneys for Plaintiff and the Proposed Collective*

21